Foster Steam v. GE                    CV-96-151-SD   12/04/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

Foster Steam Turbine
 Consultants, Ltd., et al

        v.                          Civil No. 96-151-SD

General Electric, et al


                        O R D E R


    Before the court are issues raised by certain pretrial

proceedings.


1.  Background

    Foster Steam Turbine Consultants, Ltd. (FSTC), Walter H.

Foster III, and Lawrence D. Sparks have alleged that defendants

General Electric Company (GE), John Welch, and Robert Nardelli

(executives of GE) have tortiously interfered with certain of

their business relationships and have wrongfully interfered with

their right to work.  They have sued for money damages and

injunctive relief.[1]

_____

    [1]Former employees of GE, Foster and Sparks engaged together
in a consulting business (FSTC) whereby they contracted with
purchasers of turbine equipment to inspect such turbines at the
premises upon which they were to be manufactured.  As a

Plaintiffs moved for a preliminary injunction.  Document 3. The request was referred to the magistrate judge for a hearing and the issuance of a Report and Recommendation (R & R), 28 U.S.C. § 636(b)(1)(B).[2]

Following hearing, the magistrate judge filed an amended R & R, the ultimate conclusion of which is a recommendation that preliminary injunctive relief be denied.

2.  Defendants' Objection to the Amended R & R (document 28)

In discussing review of an R & R of a magistrate judge, the First Circuit has emphasized that "the role of the magistrate judge is 'to relieve courts of unnecessary work.'"  Elmendorf Grafica, Inc. v. D.S. America (East), Inc., 48 F.3d 46, 50 (1st Cir. 1995) (quoting Henley Drilling Co. v. McGee, 36 F.3d 143, 151 (1st Cir. 1994)) (additional citation and quotation omitted).

---

manufacturer of such turbines, GE originally allowed plaintiffs to conduct such inspections, but subsequently revoked this privilege.

[2] 28 U.S.C. § 636 states, in pertinent part,

> (b)(1) Notwithstanding any provision of law to the contrary . . .
> (B) a judge may . . . designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court [of a motion for injunctive relief].

Consideration of the objection before the court casts into doubt the validity of such statement.

Significantly, defendants do not object, but agree, that the recommendation for denial of injunctive relief is correct. They direct their objections to certain characterizations and factual findings made by the magistrate judge concerning matters which the defendants contend are irrelevant to that ultimate legal conclusion.[3]

Accordingly, the court has conducted the required de novo review of the entire record which was before the magistrate judge at the hearing on the preliminary injunction.[4] 28 U.S.C. § 636(b)(1)(C);[5] <u>Elmendorf Grafica</u>, <u>supra</u>, 48 F.3d at 49. As the

---

[3]Defendants object to findings made concerning the alleged attempt by Foster to remove GE documents from their premises at the time of termination of his employment, to findings concerning his conduct during inspections on GE premises and his competitive behavior, to characterizations of GE's response to Foster's inquiries concerning his long-term disability, and to a finding that it is more likely that Foster's exclusion from GE premises was in retaliation for his contacting defendant Welch.

[4]The entire record includes the 275-page transcript of the hearing before the magistrate judge, all exhibits filed at such hearing, and the legal memos of the parties filed at the time of such hearing.

[5]28 U.S.C. § 636(b)(1)(C) provides:

> (C) the magistrate shall file his proposed findings and recommendations . . . with the court and a copy shall forthwith be mailed to all parties.
> Within ten days after being served with a copy,

3

statute authorizes the court to "accept, reject or modify in whole or in part" the R & R of the magistrate judge, the court finds it unnecessary to adopt defendants' suggestion that it hear further evidence.

Clearly, the magistrate judge was correct in recommending that preliminary injunctive relief be denied. The thrust of plaintiffs' claims was that defendants had no right to bar their entry upon defendants' manufacturing premises for the purpose of inspecting turbine equipment which was being purchased by customers of plaintiffs. As "the power to exclude has traditionally been considered one of the most treasured strands in an owner's bundle of property rights," <u>Loretto v. Teleprompter Manhattan CATV Corp.</u>, 458 U.S. 419, 435 (1992); <u>Kaiser Aetna v. United States</u>, 444 U.S. 164, 179-80 (1979), the plaintiffs had little likelihood of success on the merits of this argument. Moreover, it appears that any damages caused to plaintiffs by any wrongful

---

any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

4

acts of defendants can be fully compensated by an award of money damages.[6]

The characterizations and findings of which the defendants here complain in their objection are irrelevant to the ultimate conclusion that injunctive relief should be denied. Accordingly, with the exception of adopting the recommendation (1) that plaintiffs' motion for a hearing on preliminary injunction be granted (document 3), and accepting the recommendation (2) that preliminary injunctive relief be denied, the court rejects such characterizations and findings.

## 3. Plaintiffs' Motion for Entry of Protective Order (document 25)

The parties have negotiated unsuccessfully on the terms and conditions of a protective order. Accordingly, plaintiffs move the issuance by the court of such order, and defendants object. Document 29.

The sticking point between the parties appears to be plaintiffs' insistence that any protective order include provisions for an award of attorney's fees and costs if challenge to a designation under the protective order results in a court ruling that such designation was made in bad faith. Defendants'

---

[6]Indeed, at the hearing on the preliminary injunction, Mr. Foster testified as to his monetary losses and produced a chart in support thereof. Transcript of Hearing at 120; Plaintiffs' Exhibit 24.

5

objection is that the inclusion of such sanction in the protective order will breed additional and unnecessary litigation.

Finding that it possesses ample power to impose sanctions for misdesignation or proprietary matters set forth in a protective order,[7] the court has, without including such sanctions therein, issued a protective order providing for application to it when the parties, after reasonable negotiation, have failed to resolve any claimed issue of misdesignation.

### 4. Plaintiffs' Motion for Protection of Benefits (document 26)

Mr. Foster was employed at GE for a period in excess of 25 years. He was laid off as part of a reduction in force and became entitled to certain benefits provided by GE. Included in such benefits was continuity of long-term disability protection for up to one year on advanced payment of the required contributions.

Foster claims that his work for GE has caused stress-related illness, for which he is not independently insurable. He sought an exception from GE permitting him to maintain his long-term disability indefinitely on his payment of the premiums therefor. Defendants refused such exception, and Foster moves for an order

---

[7]See Rules 26(c), 37(a)(4), Fed. R. Civ. P.

6

from this court requiring extension of such benefits pending final resolution of this litigation.

Defendants object, pointing out that GE has made no exception for employees at any level concerning extension of long-term disability. Document 31. Defendants argue that if they granted such exception to an employee, it would have to be extended to all employees, with the result that the exceptions would ultimately swallow the provisions of the benefits package.

Plaintiffs have cited, and the court has found, no authority to support an order from this court extending protection of benefits as sought by Foster. Moreover, even if authority existed to grant this protection, it appears that the costs attached to any continuation of long-term disability can be recovered in an award of money damages. The motion is accordingly denied.

5. Plaintiffs' Motion for Voluntary Dismissal of Lawrence Sparks as a Party Plaintiff (document 27)

Stating that plaintiff Sparks "is no longer interested in proceeding as a party plaintiff in this action," plaintiffs move for his voluntary dismissal. Defendants object, contending that such dismissal, presumably without prejudice, could subject them to additional litigation, make it more difficult to depose Sparks, and bar any future efforts they may have to counterclaim

7

against him.  Document 30.  Defendants suggest that if dismissal is allowed, it should be granted with prejudice and also be conditioned on the requirement that Sparks be made available for deposition in New Hampshire.  Id.

Governed by Rule 41(a)(2), Fed. R. Civ. P.,[8] the grant or denial of the motion is directed to the sound discretion of the trial court.  9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL SECOND § 2364, at 274 (West 1995).  Generally, the trial courts "have followed the traditional principle that dismissal shall be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."  Id. at 280.  See Puerto Rico Maritime Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981).

Additionally, "dismissal is not precluded by the facts that the defendants have pleaded affirmative defenses rather than counterclaims or that they intend in the future to offer a counterclaim but have not yet done so."  Id. § 2365, at 301-02. It follows that defendants' arguments do not support their claim that dismissal in this matter should be with prejudice.

However, the court may impose reasonable terms and

_____

[8]Rule 41(a)(2) governs dismissal in those instances where terms and conditions may be imposed, providing that such "action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . .  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

conditions, including "that the plaintiff produce documents or otherwise reduce the inconvenience to the defendant." Id. § 2366, at 312. Here, the court finds that, although dismissal should be ordered without prejudice, it should be conditioned on the requirement that Mr. Sparks, on reasonable notice, present himself for deposition by defendants in New Hampshire.

The motion for voluntary dismissal of Lawrence Sparks as a party plaintiff is herewith granted without prejudice on condition that Mr. Sparks make himself available on reasonable notice for the taking of his deposition by the defendants in New Hampshire.

6. Conclusion

The court has granted in part the defendants' objection to the amended R & R of the magistrate judge, excepting only those portions of such R & R that (1) recommend granting plaintiffs' motion for hearing on preliminary injunction (document 3), and (2) recommend denial of preliminary injunctive relief (document 28).

The court has granted in part, by the issuance of such, plaintiffs' motion for protective order, but has excluded therefrom the automatic requirement of payment of fees and costs, finding it has sufficient authority to impose sanctions when required. Document 25.

The court has denied plaintiffs' motion for protection of benefits.   Document 26.

The court has granted in part plaintiffs' motion for voluntary dismissal of Lawrence Sparks as a party plaintiff without prejudice, conditioned on the appearance of Mr. Sparks on reasonable notice for the purpose of the taking of his deposition in New Hampshire by the defendants.   Document 27.

SO ORDERED.


_____
Shane Devine, Senior Judge
United States District Court

December 4, 1996

cc:   Charles G. Douglas III, Esq.
      Ellen M. Bach, Esq.
      James K. Brown, Esq.
      Steven M. Gordon, Esq.